### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| BRANDON JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:11-cv-01617-IPJ-RRA |
| | ) |
| SPEAKER OF THE HOUSE | ) |
| OF REPRESENTATIVES, et. al., | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation on November 16, 2011, recommending that this action filed pursuant to 42 U.S.C. § 1983 be dismissed under 28 U.S.C. § 1915A(b) for failing to state a claim upon which relief may be granted. (Doc. 8). Thereafter, the plaintiff filed a motion to amend his complaint (doc. 11), as well as objections to the report and recommendation. (Doc. 12).

In his complaint, the plaintiff sued the Speaker of the Alabama House of Representatives, the President of the Alabama Senate, the Governor of Alabama, and the Attorney General of Alabama. He asserted that Alabama Code §13A–5–40(a)(17), under which he was convicted and sentenced to a term of life imprisonment, is unconstitutional; requested that the defendants be enjoined from enforcing the law; and sought its repeal. (Doc. 1, Ex. 1 at 1). The magistrate judge recommended dismissal on the grounds that: (1) a challenge to the fact or duration of a prisoner's confinement must be brought in a *habeas corpus* action under § 2254 following exhaustion of state remedies, *Preiser v. Rodriguez*, *supra,* 28 U.S.C. § 2254(b)(1)(A); and (2) the complaint was barred by the principles set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). (Doc. 8).   The magistrate

judge also noted that the constitutionality of §13A–5–40(a)(17) has been upheld by the Alabama Courts, and that the plaintiff had failed to allege or assert facts sufficient to show that he has been deprived of a federal constitutional right. *Id.*

Plaintiff objects to this finding, seeks to amend his complaint to add claims of constitutional dimension, and argues that the law is unconstitutional because it "fails to contain the Alabama Legislature's intent," and therefore violates the Fourth, Fifth, Sixth, Eighth, Ninth, Tenth, Thirteenth, and Fourteenth Amendments. (Doc. 12 at 1-3).

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the Court is of the opinion that the magistrate judge's report is due to be and is hereby ADOPTED and the recommendation is ACCEPTED. The plaintiff's arguments are unconvincing; the failure of the Alabama Legislature to include a statement of its legislative intent within the body of §13A–5–40(a)(17), Ala.Code 1975 does not render the law unconstitutional. The objections are due to be OVERRULED. The motion to amend is due to be DENIED, as moot, and the complaint is due to be DISMISSED pursuant to 28 U.S.C. § 1915A(b) for failing to state a claim upon which relief may be granted.

A Final Judgment will be entered.

DATED this 20th day of January 2012.

                                                                                        _____
                                                                                        INGE PRYTZ JOHNSON
                                                                                        U.S. DISTRICT JUDGE